**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PALIHAWADANA A. DUNSTAN PERERA; DEHIWATTAGE C. R. FERNANDO, | No. 10-71276 |
| | Agency Nos.  A088-223-764 |
| Petitioners, | A088-223-765 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2014[**]
Pasadena, California

Before: PREGERSON and WARDLAW, Circuit Judges, and BURRELL, Senior
District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Garland E. Burrell, Jr., Senior District Judge for the
U.S. District Court for the Eastern District of California, sitting by designation.

Palihawadana A. Dunstan Perera ("Perera") and Dehiwattage C.R. Fernando ("Fernando"), husband and wife, natives and citizens of Sri Lanka, petition for review of a Board of Immigration Appeals ("BIA") order dismissing their appeal from an immigration judge's ("IJ's") decision denying their applications for asylum, withholding of removal under 8 U.S.C. § 1231(b)(3), and protection under the Convention Against Torture ("CAT").[1]  We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition for review.

## Factual Background

Because the IJ found Perera credible, we take Perera's testimony as true. *Baballah v. Ashcroft*, 367 F.3d 1067, 1071 n.1 (9th Cir. 2004).

Perera's father is a longtime activist for Sri Lanka's United National Party. After the People's Alliance—which opposes the United National Party—won Sri Lanka's 2005 general and presidential elections, groups of armed People's Alliance supporters began threatening perceived supporters of the United National Party.  Some of these People's Alliance supporters began targeting Perera's parents because of Perera's father's affiliation with the United National Party.  They attacked the Perera family home—the home Petitioners had shared with Perera's parents, when Petitioners lived in Sri Lanka—at night.  They would try to break the

---

[1] Fernando's application is derivative of lead petitioner Perera's application.

2

house's windows, bang on doors, and scream and curse at Perera's mother and father. When Perera's father complained to the police, some of these same attackers came to the Perera home one night, dragged Perera's father outside, beat him, and broke his leg. Later, Perera's mother and father were deliberately run off the road, in an apparent attempt on their lives. Perera's father was gravely injured, and he was hospitalized for about a month. Anonymous callers later told Perera's parents that the attackers had intended to kill them, and that the attackers still intended to kill the entire family.

## Analysis: Asylum

To be eligible for asylum, Petitioners must show that they are unwilling or unable to return to Sri Lanka "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *see also* 8 U.S.C. § 1158(b)(1)(A).

"A well-founded fear of persecution must be both subjectively genuine and objectively reasonable." *Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001) (internal quotation marks omitted). In this case, it is undisputed that Petitioners' fear of persecution is subjectively genuine. Thus, the question is whether Petitioners' fear of persecution is objectively reasonable.

3

The record compels a reasonable factfinder to conclude that Petitioners' fear of persecution is objectively reasonable. The politically motivated violence directed against Perera's mother and father amounts to persecution. *See Navas v. INS*, 217 F.3d 646, 658 (9th Cir. 2000). That Perera's parents in Sri Lanka have been persecuted makes it objectively reasonable for Petitioners to fear that they, too, will be persecuted if they rejoin Perera's parents in Sri Lanka. *See Mgoian v. INS*, 184 F.3d 1029, 1036 (9th Cir. 1999). Moreover, the people persecuting Perera's mother and father have threatened to persecute—and, indeed, kill—Petitioners' entire family. Thus, it is reasonable for Petitioners to fear that they will be persecuted if they return to Sri Lanka. *See Kaiser v. Ashcroft*, 390 F.3d 653, 658 (9th Cir. 2004).

Likewise, substantial evidence compels the conclusion that Petitioners have established a well-founded fear of persecution on account of imputed political opinion, which is a protected ground. *See Al-Harbi*, 242 F.3d at 888. Uncontroverted evidence establishes that Perera's father has been targeted for persecution based on his political beliefs, and that the rest of his family has been targeted because of his political affiliation. This, in turn, establishes that Petitioners—as members of Perera's father's family—fear persecution based on

4

imputed political opinion.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1070-72 (9th

Cir. 2008); *Navas*, 217 F.3d at 659.

Because Petitioners have established a well-founded fear of persecution

based on a protected ground, Petitioners are eligible for asylum.

**Analysis:  Withholding of Removal**

Under 8 U.S.C. § 1231(b)(3), the Attorney General is required to withhold

removal of an applicant who can "prove that it is more likely than not that he will

be persecuted on account of a statutorily-protected ground."  *Navas*, 217 F.3d at

655 (internal quotation marks omitted).

Substantial evidence compels the conclusion that Petitioners are more likely

than not to be persecuted based on imputed political opinion if they are removed to

Sri Lanka.  Perera's father's political activity has caused his entire family to be

targeted for persecution.  As a result, Perera's parents—who live in Sri

Lanka—have suffered persecution.  Only one thing has saved Petitioners from

joining Perera's parents in suffering this persecution:  Petitioners, unlike Perera's

parents, do not live in Sri Lanka.  "[Petitioners have] not suffered persecution

simply because [their] would be abusers cannot reach [them]."  *Njuguna v.*

*Ashcroft*, 374 F.3d 765, 770 (9th Cir. 2004).  If Petitioners are removed to Sri

Lanka, however, the people who have persecuted Perera's parents will also be able

5

to reach—and persecute—Petitioners. Thus, it is more likely than not that Petitioners will be persecuted if removed to Sri Lanka, and Petitioners are entitled to withholding of removal. *See id.* at 771-72.

Because Petitioners are entitled to withholding of removal under 8 U.S.C. § 1231(b)(3), we need not decide whether Petitioners are also entitled to protection under CAT.

## Conclusion

Substantial evidence compels the conclusion that Petitioners are eligible for asylum. Likewise, substantial evidence compels the conclusion that Petitioners are entitled to withholding of removal. Thus, we GRANT the petition for review with respect to Petitioners' asylum and withholding claims. We REMAND to the BIA for an exercise of the Attorney General's discretion to determine whether Petitioners should be granted asylum, with instructions that Petitioners also be granted withholding of removal.

**GRANTED and REMANDED.**